## Case No. 17,656a.

### WILEY v. ROBINSON.

[Hempst. 41.] [1]

Superior Court, Territory of Arkansas. Oct., 1826.

APPEAL—ADMISSIBILITY OF TESTIMONY—BILL OF EXCEPTIONS.

Where objection is made to the admissibility of testimony, the bill of exceptions must set it out, so that the court may judge of its admissibility, and, if this is not done, the judgment will be presumed to be correct.

Appeal from Conway circuit court.

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. On the nineteenth of August, 1824, the plaintiff filed his account against Israel Robinson before Richard Manifee, justice, on which a summons issued against the defendant Robinson, and on the first Saturday in November, 1824, Abraham Wiley obtained a judgment, from which judgment Robinson appealed. The cause was brought before the circuit court of Conway county, and at the July term, 1826, the plaintiff obtained a judgment against the defendant for sixty-two dollars and costs. The bill of exceptions filed on the trial states that this case was an action of assumpsit for the value of certain sows and pigs; that the plaintiff offered evidence of a former judgment before a justice of the peace, and of money had and received by Robinson from Wiley, by virtue of that former judgment, to which evidence the defendant objected: that the court suffered it to go to the jury, and for this the defendant claims a reversal of the judgment. The bill of exceptions does not show what that evidence was, nor for what purpose it was offered. If it was record or parol testimony, it should have been shown, so that this court might have an opportunity of judging whether the evidence was admissible or not. At all events, it is not shown

that the evidence was inadmissible. It might have been admitted to prove some collateral fact, or to prove what matter had been in controversy between the parties on the former trial, or as rebutting testimony; in all of which cases, and a variety of others, it would have been admissible. The bill of exceptions does not, therefore, contain a sufficient statement of facts to show that the judgment of the circuit court was erroneous. And in this we are supported by the decision of this court in the case of Blakely v. Ruddel [Fed. Cas. Append.]. Affirmed.